# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-02510-NYW-STV

ECS BRANDS, LTD.,

    Petitioner,

v.

MICHAEL BRUBECK,

    Respondent.

## ORDER

This matter is before the Court on Petitioner's Motion for Order Directing Clerk to Request Service on Respondent Michael Brubeck by the Ministry of Justice of the Czech Republic ("Motion"), filed on August 5, 2024. [Doc. 24]. For the reasons set forth herein, the Motion is respectfully **DENIED**.

## BACKGROUND

Petitioner ECS Brands, Ltd. ("Petitioner") seeks to confirm a $2,663,450.86 arbitration award against Respondent Michael Brubeck ("Respondent"), a former resident of Colorado. [*Id.* at ¶ 1]. To date, however, Petitioner has not been able to effect service on Respondent. [*Id.* at ¶¶ 2, 7]. After "expend[ing] considerable resources attempting to locate and serve Respondent," Petitioner learned that Respondent is residing in the Czech Republic. [*Id.* at ¶¶ 2–3]. Pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure, Petitioner now asks the Court to issue an order directing the Clerk of Court to request service on Respondent by the Ministry of Justice of the Czech Republic. *See generally* [*id.*].

**LEGAL STANDARD**

Rule 4(f) of the Federal Rules of Civil Procedure describes the manner for serving an individual in a foreign country. Under Federal Rule 4(f)(1), an individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Applicable provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") seek to ensure that foreign defendants receive actual and timely notice of suit by simplifying, standardizing, and improving the process of serving documents abroad. *See Convention Done at the Hague Nov. 15, 1965*, 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765 (preamble) (Feb. 10, 1969).

**ANALYSIS**

Petitioner asks the Court for an order directing the Clerk of Court to request service on Respondent in the Czech Republic pursuant to Rule 4(f)(1) and the Hague Convention. *See generally* [Doc. 24]. As a threshold matter, the Court considers the applicability of the Hague Convention to the facts of this case.

The United States and the Czech Republic are both parties to the Hague Convention.[1] Under the Hague Convention, a party in the Czech Republic must be served through the designated "Central Authority," the Ministry of Justice of the Czech Republic. *See* 20 U.S.T. 361, art. 2; Hague Conference on Private International Law,

---

[1] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Dec. 19, 2024).

*Authorities: Czech Republic*, http://www.hcch.net/index_en.php?act=authorities.details&aid=249 (last visited Dec. 19, 2024). Pursuant to Article 3, an individual or entity permitted by applicable law to act as a requesting authority "shall forward" to the Czech Republic's Ministry of Justice "a request" for service of process "conforming to the model annexed to the present convention." *See* 20 U.S.T. 361, art. 3. Relevant here, federal law authorizes both court officials and lawyers for parties seeking service under the Hague Convention to act as a requesting authority. *See, e.g.*, *Micula v. Gov't of Romania*, No. 17-cv-02332-APM, 2018 WL 10196624, at *4 (D.D.C. May 22, 2018); *Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V.*, No. 3:12-cv-02389-MBS, 2013 WL 152895, at *1 (D.S.C. Jan. 15, 2013); *Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608–09 (S.D. Fla. 1992); *Coombs v. Iorio*, No. 6:06-cv-00060-SPS, 2008 WL 4104529, at *2 (E.D. Okla. Aug. 28, 2008). Thus, to effectuate service under the Hague Convention, a compliant service request form must be sent to the Ministry of Justice for the Czech Republic by the Court or Petitioner's counsel.

Petitioner acknowledges that such "a request may come directly from an attorney," [Doc. 24 at ¶ 13], yet asks the Court to direct the Clerk of Court to do for Petitioner's counsel what counsel can do for himself. Specifically, Petitioner asks the Court to direct the Clerk of Court to: (1) sign a Request for Service Abroad of Judicial or Extrajudicial Documents ("Request Form") prepared by Petitioner; (2) provide 14 "certified copies" of various docket entries; (3) correlate these copies with yet-to-be-provided "certified . . . translations" of the same; and (4) send the Request Form, certified copies, and certified

3

translations to the Ministry of Justice for the Czech Republic via certified mail. [*Id.* at 4–5].

Insofar as Petitioner is requesting that the Clerk of the Court actually put together the materials and send them to the Czech Republic's Ministry of Justice, "it is not the court's or the Clerk of the Court's responsibility to handle such clerical tasks," *United States v. Darwich*, No. 2:10-cr-20705-JEL-EAS, 2011 WL 2015570, at *1 (E.D. Mich. May 24, 2011) (citing *McKaskle v. Wiggins*, 465 U.S. 168 (1984)), "nor does the Clerk's Office typically provide such copying and delivery service to litigants at public expense," *id.* Indeed, under the Federal Rules of Civil Procedure,

> it is the party, not the court, that is responsible for serving process. Fed. R. Civ. P. 4(c). Although [Rule] 4(f)(1) references the Hague Convention, it does not purport to alter the general rule that "[t]he plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1). Moreover, even with the reference to service under the Hague Convention, the Federal Rules of Civil Procedure do not contemplate a role for the clerk's office.

*Charleston Aluminum, LLC*, 2013 WL 152895, at *2 (ellipses and footnote omitted) (denying plaintiff's motion for order directing clerk to effectuate service of process under Rule 4(f)(1) and Hague Convention); *cf. Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020) ("The prosecution of this lawsuit, including service on the defendants, is ultimately Plaintiff's responsibility."). Petitioner's sole justification for the instant Motion—i.e., that identifying the Court as the requesting party on the Request Form is "best practice" according to counsel's "Prague-based colleagues," [Doc. 24 at ¶ 13]—fails to persuade the Court that Petitioner is nevertheless entitled to an order directing the Clerk's Office to provide copying and delivery service on Petitioner's behalf. Accordingly, the Motion is **DENIED**.

Insofar as Petitioner is requesting that the Court execute the Request Form and provide certified copies of various docket entries so that the Petitioner can then create the required packets of information and send them to the Ministry of Justice for the Czech Republic via certified mail on its own, Petitioner may re-file a motion requesting that the Court execute the Request Form only. Separately, the Clerk's Office can provide certified copies on request and payment ($0.50 per page and $11.00 for the court certification seal). Parties requesting certified copies can submit the request and payment online or in person at the Clerk's Office.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Petitioner ECS Brands, Inc.'s Motion for Order Directing Clerk to Request Service on Respondent Michael Brubeck by the Ministry of Justice of the Czech Republic [Doc. 24] is **DENIED**.

DATED:  December 19, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge